1

2

3

4

5

6

7

FILED

'13 DEC 23 PM 4: 14

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

icv̄    DEPUTY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL LOPEZ-REYES,<br><br>                              Petitioner,<br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | CASE NOS.  13-CV-00292-BEN<br>                      11-CR-05555-BEN<br><br>**ORDER:**<br><br>**(1) DENYING 28 U.S.C. § 2255 MOTION**<br><br>**(2) DENYING MOTION TO EXTEND TIME TO FILE TRAVERSE**<br><br>[Docket Nos. 36, 54] |

Petitioner Israel Lopez-Reyes moves pursuant to 28 U.S.C. § 2255 for a reduction in his sentence. For the reasons stated below, the Court **DENIES** the motion.

## BACKGROUND

Petitioner Israel Lopez-Reyes is a citizen of Mexico. In 2004, Petitioner pleaded guilty to violation of California Health and Safety Code Section 11351, possession of heroin for sale, and was sentenced to 180 days in custody. On July 1, 2004, Petitioner was deported in connection with this offense and removed to Mexico. The deportation order was reinstated on June 7, 2011, and he was removed to Mexico a second time.

On October 11, 2011, Border Patrol agents discovered Petitioner three miles west of the San Ysidro port of entry and 150 yards north of the United States/Mexico border. Petitioner told the agents that he was a Mexican citizen without legal

- 1 -

1   documentation allowing him to be in the United States.  On December 7, 2011, the
2   United States charged Lopez by indictment with one count of violation of 8 U.S.C.
3   § 1326(a) and (b)—deported alien found in the United States.

4          On March 12, 2012, Petitioner, represented by Attorney Sara D. Brin, entered
5   into a plea agreement with the United States. (Docket No. 22.) In the Plea Agreement,
6   Petitioner certified that he knowingly and voluntarily entered into the Plea Agreement,
7   read it, discussed its terms with his attorney, and fully understood its meaning and
8   effect.  He also declared that he had consulted and was satisfied with his attorney.

9          In addition, Petitioner waived his right to appeal or collaterally attack his
10  conviction or sentence in the Plea Agreement.   The Plea Agreement states: "In
11  exchange for the Government's concessions in this plea agreement, defendant waives,
12  to the full extent of the law, any right to appeal or to collaterally attack the conviction
13  and sentence, except a post-conviction collateral attack based on a claim of ineffective
14  assistance of counsel, unless the Court imposes a custodial sentence above the high end
15  of the guideline range recommended by the Government pursuant to this agreement at
16  the time of sentencing." (*Id.* at 10.)

17         On March 12, 2012, Petitioner pleaded guilty under the terms of the Plea
18  Agreement.  This Court advised Petitioner of the rights he was giving up by pleading
19  guilty, his right to be represented by counsel, the elements the government would have
20  to prove at trial, and the maximum sentence. Petitioner affirmed that he had discussed
21  the Plea Agreement with his attorneys, understood it, and did not have any questions.
22  The Court determined that the plea was made knowingly and voluntarily, and accepted
23  Petitioner's plea.

24         The Court held a sentencing hearing on July 30, 2012.   The Sentencing
25  Guideline range as calculated by the United States was 37 to 46 months.  On July 31,
26  2012, Petitioner was sentenced to 37 months of imprisonment.

27         Presently before the Court is Petitioner's Motion to Vacate, Set Aside or Correct
28  Sentence Under 28 U.S.C. § 2255.

1       **DISCUSSION**

2       Petitioner's claims arise from his assertion that his 2004 conviction for violation

3   of Section 11351 is invalid because he was denied assistance of counsel during his

4   sentencing hearing.  Petitioner claims that as a result: (1) this Court lacked jurisdiction

5   to impose a sentence enhancement based on his uncounseled conviction; (2) Petitioner

6   wrongly received criminal history points for his uncounseled conviction, as well as for

7   a prior Section 1326 offense arising from the uncounseled conviction; (3) Petitioner's

8   2004 deportation order was invalid because it was based on the uncounseled

9   conviction; accordingly, he could not be guilty of the instant Section 1326 offense

10  because he had never been lawfully deported; and (4) Petitioner received ineffective

11  assistance of counsel when his attorney failed to discover and bring to the Court's

12  attention the fact that his drug trafficking conviction was uncounseled.

13      **I.   LEGAL STANDARD**

14      Section 2255 provides that a federal prisoner seeking relief from a custodial

15  sentence "may move the court which imposed the sentence to vacate, set aside or

16  correct the sentence" on "the ground that the sentence was imposed in violation of the

17  Constitution or laws of the United States, or that the court was without jurisdiction to

18  impose such sentence, or that the sentence was in excess of the maximum authorized

19  by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).  To

20  warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or

21  otherwise "fundamental defect which inherently results in a complete miscarriage of

22  justice, [or] an omission inconsistent with the rudimentary demands of fair procedure."

23  *United States v. Timmreck*, 441 U.S. 780, 783 (1979).

24      **II.   WAIVER**

25      Courts enforce plea agreements containing knowing and voluntary waivers of

26  statutory rights of appeal or collateral attack because such "waivers usefully

27  preserve the finality of judgments and sentences imposed pursuant to valid plea

28  agreements." *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000); *United*

1   *States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v.*
2   *Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998)) (courts enforce a waiver of
3   appeal, as long as the waiver is "knowingly and voluntarily made" and
4   "encompasses the defendant's right to appeal on the grounds claimed on appeal").
5   The Ninth Circuit recognizes that strong public policy considerations justify the
6   enforcement of a defendant's waiver of his right to appeal or to collaterally attack a
7   judgment. *United States v. Novarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990).
8   Waivers play an important role in the plea bargaining process and help ensure
9   finality. *Id.* at 322. The finality of judgments benefits both the government and the
10  courts. *United States v. Littlefield*, 105 F.3d 527, 530 (9th Cir. 1997). In exchange
11  for the defendant's guilty plea and waiver of rights to appeal and collaterally attack,
12  the government and the courts need not spend resources on litigation after the
13  sentencing. The defendant gets a lower sentencing recommendation and the court is
14  more willing to agree to a lower sentence than would be the case absent the waivers.

15      A "defendant may waive the statutory right to file a § 2255 petition
16  challenging the length of his sentence" where the defendant: (1) expressly waives
17  the right of collateral attack; and (2) does so knowingly and voluntarily. *United*
18  *States v. Leniear*, 574 F.3d 668, 672 n.3 (9th Cir. 2009); *United States v. Pruitt*, 32
19  F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th
20  Cir. 1993).

21      Here, the Plea Agreement provides that Petitioner expressly "waives, to the full
22  extent of the law, any right to appeal or to collaterally attack the conviction and
23  sentence, except a post-conviction collateral attack based on a claim of ineffective
24  assistance of counsel, unless the Court imposes a custodial sentence above the high end
25  of the guideline range recommended by the Government pursuant to this agreement at
26  the time of sentencing." (Docket No. 22, at 10.) The Court imposed a sentence within
27  the guideline range recommended by the Government. Under the plain language of the
28  Plea Agreement, Petitioner waived his right to file all of his claims except his claim for

1   ineffective assistance of counsel.

2          In addition, Petitioner entered into the waiver knowingly and voluntarily.  The
3   waiver is clearly stated in the Plea Agreement.  In the Plea Agreement, Petitioner
4   certified that he knowingly and voluntarily entered into the Plea Agreement, read it,
5   discussed its terms with his attorney, and fully understood its meaning and effect.  This
6   Court advised Petitioner of the rights he was giving up by pleading guilty.  Petitioner
7   affirmed that he had discussed the Plea Agreement with his attorneys, understood it,
8   and did not have any questions.

9          Accordingly, Petitioner waived his right to file all of his claims except his claim
10  for ineffective assistance of counsel. The Court will address only Petitioner's claim for
11  ineffective assistance of counsel.

12         **III.   INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM**

13         To succeed on a claim for ineffective assistance of counsel, Petitioner has the
14  burden of showing: (1) his counsel's performance was deficient, and (2) the deficient
15  performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687
16  (1984).  Both prongs must be met to state a claim for ineffective assistance of counsel.
17  *Lambert v. Blodgett*, 393 F.3d 943, 979-80 (9th Cir. 2004).  To prove the prejudice
18  prong in the context of guilty pleas, the defendant must show "that there is a reasonable
19  probability that, but for counsel's errors, he would not have pleaded guilty and would
20  have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

21         Petitioner asserts that Brin provided ineffective assistance of counsel because she
22  failed to investigate the facts surrounding his drug trafficking conviction and inform
23  the Court that his uncounseled conviction could not be used to increase the offense
24  level or criminal history.  On the contrary, Petitioner was represented by counsel when
25  he pleaded guilty to the drug trafficking offense, and when he was sentenced for that
26  offense.  Specifically, Petitioner was represented by Attorney Paul W. Blake when he
27  pleaded guilty to the offense, as evidenced by Blake's signature on the conviction
28  document.  (Docket No. 28, Exh. 1, at 7.)  In addition, sentencing documents reveal

that Petitioner was represented by Attorney L. Plummer, who was standing in for Blake, when he was sentenced.  (*Id.* at 9.)  Petitioner cannot show that he was prejudiced by Brin's failure to investigate his claim of lack of counsel, because she would have found nothing to substantiate that claim.

Petitioner argues that Plummer's representation at his sentencing was insufficient because Plummer was the counsel for Petitioner's co-defendant.  In support of this argument, Petitioner submits only a self-serving Affidavit stating that Plummer was his codefendant's attorney. (Docket No. 52.) Petitioner does not submit any sentencing document proving that Plummer represented Petitioner's codefendant as well. Moreover, even if Plummer did represent both Petitioner and his codefendant, an attorney may jointly represent codefendants as long as a waiver is received from the codefendants and there is no conflict of interest. *See Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).  Petitioner has not alleged that a waiver was not obtained or that a conflict of interest existed.

Accordingly, Petitioner's claim for ineffective assistance of counsel fails.

## IV.   EVIDENTIARY HEARING

When "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may deny a petitioner's request for an evidentiary hearing. 28 U.S.C. § 2255(b); *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989).  Here, because the files and records of this case show that Petitioner is not entitled to relief, Petitioner is not entitled to an evidentiary hearing.

## V.   CERTIFICATE OF APPEALABILITY

The Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason and there are no questions adequate to deserve encouragement.

## VI.   MOTION TO EXTEND TIME

Petitioner moved for an extension of time to file a traverse.  Because Petitioner has filed the Traverse (Docket No. 54), the Motion to Extend Time is **DENIED AS**

1    **MOOT**.

2                                    **CONCLUSION**

3          Petitioner's § 2255 Motion is **DENIED**.  In addition, the Motion to Extend Time

4    is **DENIED AS MOOT**.  The Clerk shall close case number 13-CV-292-BEN.

5          **IT IS SO ORDERED.**

6

7    DATED: 12/20/13

8                                                   HON. ROGER T. BENITEZ
                                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28